111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Steve NEWTON, Jr., Plaintiff-Appellant,
v.
CHICAGO SCHOOL REFORM BOARD OF TRUSTEES, et al., Defendants-Appellees.
 No. 96-4027.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 27, 1997.*
Decided April 3, 1997.
 
 Before BAUER, EASTERBROOK and EVANS, Circuit Judges.
 
 Order
 
 1
 Plaintiff used to be the principal at Chicago's John Marshall Metro High School. On October 25, 1996, he was reassigned to the Central Office of the School Reform Board pending an investigation of his conduct. After a hearing on November 8, the Board declared that an "educational crisis" existed at the High School, a finding that under Illinois law permits the head of the Board to remove a principal. The formal "crisis" finding was made on December 17, and plaintiff was fired the same day.
 
 
 2
 This suit, purportedly under 42 U.S.C. § 1983, was commenced after the reassignment of October 25 but before the hearing to determine whether a crisis existed. The district court delivered an oral opinion and issued an order on November 4 denying plaintiff's request for a preliminary injunction that would have restored him to the principalship pending the hearing. Plaintiff appealed, and the parties have filed briefs.
 
 
 3
 Events have overtaken this case. The relief plaintiff sought--reinstatement pending a hearing--is no longer available. The hearing has been held and a final administrative decision taken. Plaintiff did not lose any income for the period between October 25 and December 17; his request for a restoration of the "emoluments associated with being principal of the Marshall High School" is perplexing. The appeal is accordingly moot.
 
 
 4
 The district court should consider whether the case itself is moot. Plaintiff's complaint did not challenge his discharge (which lay in the future). If he elects to amend the complaint, plaintiff must recognize that § 1983 permits litigation only of claims based on federal law. All of the arguments in plaintiff's appellate brief appear to rest on Illinois law. The state school reform law is reproduced at length; the principal brief does not cite a single case, state or federal, and the reply brief cites a single case that discusses the concept of irreparable harm but does not support any relevant substantive proposition. Lack of diversity of citizenship prevents adjudication of a claim based on state law--and it should go without saying that federal courts do not use the due process clause to enforce state law. Archie v. Racine, 847 F.2d 1211, 1215-18 (7th Cir.1988) (en banc). Indeed, arguments of this stripe are sanctionably frivolous. Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1081 (7th Cir.1987). If plaintiff wants to pursue whatever rights he may have under Illinois law, he must proceed in state court.
 
 
 5
 The appeal is dismissed as moot.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f). The oral argument formerly scheduled for April 14, 1997, is cancelled